

FEB 0 1 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHRISTOPHER WHITE,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-05-H-BMM-JTJ<br><br>ORDER AND FINIDNGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Christopher White's application for writ of habeas corpus under 28 U.S.C. § 2254. White is a state prisoner proceeding pro se.

I. **Motion to Proceed in Forma Pauperis**

Mr. White has sought leave of the Court to proceed in forma pauperis. After reviewing White's motion and supporting account statement, (Docs. 5 & 5-1), I find that he has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

II. **28 U.S.C. §2254 Petition**

White is currently serving a 4-year custodial sentence for a conviction out of

1

Montana's Thirteenth Judicial District, Yellowstone County. (Doc. 1 at 2-3.) Although he has not supplied much information, it appears that White reported an incident, presumably to Montana State Prison (MSP) officials, because he believed an MSP staff member had violated provisions of the PREA.[1] *Id.* at 4. White contends that due to this report, MSP staff then retaliated by unlawfully writing White up for allegedly allowing another inmate to use his phone account. *Id.*; see also, (Doc. 1-1 at 1-2) (MSP disciplinary records).

White asks this Court to protect him from further harmful acts by MSP staff. (Doc. 1 at 7, ¶16.)

### A. Analysis

As a preliminary matter, it does not appear that White's claim sounds in habeas, because it constitutes a challenge to the conditions of his confinement rather than the fact or duration of his confinement. See e.g., *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining that an action under 42 U.S.C. §1983, rather than habeas corpus, is proper if success on the merits would not "necessarily have meant immediate release or a shorter period of incarceration"). Moreover, Federal habeas corpus relief is available only for violations of the Constitution or laws or

---

[1] The Prison Rape Elimination Act was enacted by congress to address the problem of rape in prison by creating national standards to prevent, detect, and respond to prison rape. See, 42 U.S.C. §§15602, 15605; *Holloway v. Dep't of Corr.*, 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013).

treaties of the United States. See, 28 U.S.C. §2254(a); see also, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). While the Court is not commenting on the potential merits of White's claim, assuming that he could present a cognizable habeas claim, he still has not followed the requisite procedures.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

White acknowledges that he has chosen not to present his claim to the

3

Montana Supreme Court, because he believes doing so would result in further retaliation and/or write-ups. (Doc. 1 at 4-5.) It is clear from the face of White's petition that he has not presented his claim relating to the purported retaliation to any state court. Thus, White has failed to exhaust his claim. However, there may still be remedies available to White under state law. Because White has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), and White may return to this Court if and when he fully exhausts the claim.

B.   **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

White has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

White's Motions for Leave to Proceed in Forma Pauperis (Doc. 2 & 5) are GRANTED. The Clerk of Court shall waive payment of the filing fee.

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. White may object to this Findings and Recommendation within 14

days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. White must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 1st day of February, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since White is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

6